UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GARY CASTERLOW-BEY, | CASE NO. 3:17-cv-05686-RJB |
| Plaintiff, | ORDER ON DEFENDANTS' MOTIONS TO DISMISS |
| v. | |
| GOOGLE.COM INC., and AMAZON.COM, INC., | |
| Defendants. | |

This matter comes before the Court on Defendant Google.Com, Inc.'s ("Google") Motion to Dismiss (Dkt. 13) and Defendant Amazon.Com, Inc.'s ("Amazon") Motion to Dismiss (Dkt. 16). The Court has considered the pleadings filed regarding the motions and the remainder of the record herein.

This case arises from the alleged sale of Plaintiff's books on Defendants' websites. Dkt. 4. Defendants now move for dismissal of the claims asserted against them pursuant to Fed. R. Civ. P. 12 (b). Dkts. 13 and 16. For the reasons provided, the motions (Dkt. 13 and 16) should be granted and the claims dismissed.

## I. FACTS AND PROCEDURAL HISTORY

**A. FACTS**

On August 30, 2017, Plaintiff, a *pro se* prisoner, filed this case, moved to proceed *in forma pauperis* ("IFP"), and provided a proposed complaint asserting that Defendants Amazon and Google committed copyright infringement when Plaintiff's books were sold on their website. Dkts. 1, 1-1, and 4. Defendant Google is an Internet search engine which allows users to search for online content and receive search results. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007). Defendant "Amazon is an online retailer that purports to offer 'Earth's Biggest Selection of Products.' Amazon has designed its website to enable millions of unique products to be sold by both Amazon and third party sellers." *Multi Time Mach., Inc. v. Amazon.com, Inc.*, 804 F.3d 930, 933 (9th Cir. 2015), *cert. denied,* 136 S. Ct. 1231, 194 L. Ed. 2d 185 (2016).

According to the Complaint, Plaintiff and non-party Trafford Publishing Company ("Trafford") (Plaintiff has other lawsuits pending against Trafford) entered a contract in which Trafford would publish and distribute Plaintiff's books and would then pay Plaintiff the royalties from the sales. Dkt. 4; *Casterlow-Bey v. Trafford Publishing Company*, Western District of Washington case number 17-5459-RJB; Dkt. 7. Although Plaintiff asserts that he is the copyright owner of the books (Dkt. 4), he does not allege that he registered any of them with the United States Copyright Office.

Plaintiff's Complaint further maintains that Google and Amazon "both sale all three of Plaintiff's published books universally without ever paying any royalty to Plaintiff for his copyrighted works . . . in Japan, Amsterdam, German [sic] United Kingdom and elsewhere at ridiculously astronomical prices." Dkt. 4, at 2. He alleges that he has "no contract with [either

company] authorizing universal sales of his copyrighted work." *Id.,* at 3. Plaintiff makes reference to copyright infringement. *Id.* He seeks injunctive relief requiring Google and Amazon to "cease and desist all sales" of his books until this case is resolved and an order that they produce all sales records of his books. *Id.* Plaintiff also seeks several million dollars in damages. *Id.*

### B. PLAINTIFF'S OTHER CASES RELATED TO HIS BOOKS

On June 14, 2017, Plaintiff, proceeding IFP, filed a breach of contract case against Trafford, who he alleges failed to pay him royalties on the three books that he wrote. *Casterlow-Bey v. Trafford Publishing Company*, Western District of Washington case number 17-5459-RJB; Dkt. 7. An Answer to the Complaint (Dkt. 28) was filed for Trafford, and the parties are engaging in discovery (Dkt. 46).

On August 30, 2017, Plaintiff filed a case against Ebay.com, asserting that Ebay.com committed copyright infringement, breached a contract, and committed fraud when it sold Plaintiff's books. *Casterlow-Bey v. Ebay.com*, Western District of Washington case number 17-5687 RJB, Dkt. 1-1. Plaintiff seeks injunctive relief and several million dollars in damages in that case. *Casterlow-Bey v. Ebay.com*, Western District of Washington case number 17-5687 RJB, Dkt. 1-1. His application for IFP was granted. *Casterlow-Bey v. Ebay.com*, Western District of Washington case number 17-5687 RJB, Dkt. 3. Ebay.com has appeared by counsel and moved to dismiss the claims asserted against it, in part, based on Plaintiff's failure to show that his books are registered with the U.S. Copyright Office. *Casterlow-Bey v. Ebay.com*, Western District of Washington case number 17-5687 RJB, Dkt. 7. Ebay.com's motion to dismiss was provisionally granted pending Plaintiff's filing of an amended complaint, to in part, address whether Plaintiff had registered his books with the U.S. Copyright Office and to address

other issues raised in the motions in that case. *Casterlow-Bey v. Ebay.com*, Western District of Washington case number 17-5687 RJB, Dkt. 16.

On October 13, 2017, Plaintiff filed a case against "Barnes and Nobles," moved for IFP, and provided a proposed complaint asserting that Defendant "Barnes and Nobles" committed copyright infringement, breached a contract, and committed fraud when it sold Plaintiff's books. *Casterlow-Bey v. Barnes and Nobles,* U.S. District Court for the Western District of Washington case number 17-5834, Dkts. 1 and 1-1. Plaintiff also makes reference to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, ("RICO"). *Casterlow-Bey v. Barnes and Nobles,* U.S. District Court for the Western District of Washington case number 17-5834, Dkt. 1-1. Plaintiff seeks several million dollars in damages. *Casterlow-Bey v. Barnes and Nobles,* U.S. District Court for the Western District of Washington case number 17-5834, Dkt. 1-1. His application for IFP was granted. *Casterlow-Bey v. Barnes and Nobles,* U.S. District Court for the Western District of Washington case number 17-5834, Dkt. 4.

That same day, October 13, 2017, Plaintiff filed another case against Amazon, Google, Ebay, Trafford, and "Barnes and Nobles," moved for IFP, and asserted claims under RICO regarding the sale and distribution of his books. *Casterlow-Bey v. Amazon.com, et al.*, Western District of Washington case number 17-5833 RJB, Dkts. 1 and 1-1. His application for IFP was granted. *Casterlow-Bey v. Amazon.com, et al.*, Western District of Washington case number 17-5833 RJB, Dkt. 4.

On October 25, 2017, Plaintiff filed *Casterlow-Bey v. Barnes and Nobles,* U.S. District Court for the Western District of Washington case number 17-5871, moved for IFP, and provided a proposed complaint again asserting that Defendant "Barnes and Nobles" committed copyright infringement, breached a contract, and committed fraud when it sold Plaintiff's books.

*Casterlow-Bey v. Barnes and Nobles,* U.S. District Court for the Western District of Washington case number 17-5871, Dkts. 1 and 1-1. Plaintiff again made reference to RICO violations. *Casterlow-Bey v. Barnes and Nobles,* U.S. District Court for the Western District of Washington case number 17-5871, Dkt. 1-1. Plaintiff sought injunctive relief and several million dollars in damages. *Casterlow-Bey v. Barnes and Nobles,* U.S. District Court for the Western District of Washington case number 17-5871, Dkt. 1-1. His motion for IFP was denied because the case was duplicative of the other cases he had already filed. *Casterlow-Bey v. Barnes and Nobles,* U.S. District Court for the Western District of Washington case number 17-5871, Dkt. 4. After being given an opportunity to pay the filing fee if he wished to continue with the case, the case was dismissed for failure to pay the filing fee. *Casterlow-Bey v. Barnes and Nobles,* U.S. District Court for the Western District of Washington case number 17-5871, Dkt. 5.

**C. PENDING MOTIONS IN THIS CASE**

Defendant Google moved to dismiss this case on November 20, 2017, asserting that Plaintiff's claim for copyright infringement should be dismissed because he fails to allege that any of his books have copyrights registered with the U.S. Copyright Office. Dkt. 13. It also moves to dismiss arguing that Plaintiff fails to allege facts showing how it infringed on his works or that any activity by Google occurred within the United States. *Id.* Defendant Amazon moved to dismiss on November 21, 2017 on the same grounds. Dkt. 16.

The Court issued a notice to Plaintiff, as a *pro se* litigant, regarding Defendants' motions to dismiss under Fed. R. Civ. P. 12 (b), and discussed Plaintiff's obligations, if he intended to oppose the motion. Dkt. 17.

Plaintiff responded on December 12, 2017 and included attachments. Dkt. 23. Plaintiff argues that "[i]t is undisputed that Defendants have engaged in 'predicate acts' that constitute an

'illegal pattern of racketeering activity' dating back to 2006." Dkt. 23, at 1-2. He maintains that "Defendants cannot claim 'lawful sales' of Plaintiff's books because 'all sales' by Trafford Publishing and third party distributors stem from falsified, forged, and fraudulent contract/document that ultimately initiated national and international conspiracy to illegally traffic in stolen property for financial gain." *Id.*, at 3. Plaintiff argues that "Trafford Publishing, through Defendants, have deprived Plaintiff of his legal earnings, none of the named Defendants have legal authorization or justification under civil or criminal statutes to manufacture or distribute Plaintiff's copyrighted work." *Id.* He asserts that the "exhibits attached to this motion demonstrate Defendants' involvement in sales of Plaintiffs' copyrighted work not only in foreign countries but all over the United States." *Id.* Plaintiff also attaches documents entitled "Sales and Royalties Page" and "Trafford Publishing Quarterly Royalty Report," which purport to relate to sales in the United States. Dkt. 23, at 5-7. Plaintiff also again asserts that he "owns the copyrights to all (3) books published through Trafford, attached to this motion is a copy of original contract outlining details of copyright/registration ownership, *i.e.* 'Exhibit D' page 3, paragraphs 5.6 and 5.7." *Id.* Exhibit D is entitled "Trafford Publishing Self-Publishing Services Agreement." Dkt. 23, at 8-18. Page three, paragraphs 5.6 and 5.7 provide:

> **5.6 Copyright and Title Registration**. If purchased by You as part of Your Services, We shall include a copyright notice in accordance with Your instructions in each copy of the Work. We shall secure a unique International Standard Book Number (ISBN) for each version of the work where applicable. You may not use the formatted Manuscript (at any stage of development) or finished Work, the ISBN, and/or cover with any other provider of similar Services at any time during or after the term of this agreement.
>
> **5.7 Rights to Manuscript and the Work**. There are generally three sets of intellectual property rights that are included in any Work; (a) the first set of rights relates to the Manuscript or Your Work. You shall remain the sole and exclusive owner of all right, title, and interest in and to Manuscript and Your Work as initially submitted to Us. We shall have no right or license to use any Manuscript or Work except as permitted herein with respect to development of the resulting

      book in print, digital, or audio format; (b) the second set of intellectual property rights relates to content that We, Our employees, Our Affiliates or Our Contractors create as part of the Services that We offer ("Our Work Product"); and (c) the third set of intellectual property rights relates to the content that We own or that We license from third parties that We cannot transfer to You.

Dkt. 23, at 10.

Defendants have filed replies (Dkts. 20 and 21), arguing, in part, that they did not get a copy of the attachments to Plaintiff's response. The motions are now ripe.

## II.     DISCUSSION

### A. MOTION TO DISMISS 12 (b)(1) STANDARD

A complaint must be dismissed under Fed. R. Civ. P.12 (b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant). When considering a motion to dismiss pursuant to Rule 12 (b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, plaintiff bears the burden of proving the

existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

## B. COPYRIGHT INFRINGMENT AND SUBJECT MATTER JURISDICTION

Under the Copyright Act, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). "A district court does not have subject matter jurisdiction over an infringement claim until the Copyright Office grants the registration application and issues a certificate of registration." *Corbis Corp., v. Amazon. com, In*c., 351 F.Supp.2d 1090, 1112, 77 U.S.P.Q.2d 1182 (W.D.Wash. 2004); *Safeair, Inc. v. Airtran Airways, Inc.*, 09-5053RJB, 2009 WL 801754, at *2 (W.D. Wash. Mar. 25, 2009).

Plaintiff does not allege that he has certificates of registration from the Copyright Office on any of his books in his complaint. A review of the records of the U.S. Copyright Office shows that only one book, *Wildflower*, is registered with the U.S. Copyright Office to Plaintiff Gary Casterlow-Bey; with the registration number: TXu001644896; date: 07-31-2009. Pursuant to Federal Rule of Evidence 201 (b)(2), a "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The "court may take judicial notice on its own" . . . but if the "court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard." Federal Rule of Evidence 201 (c)(1) and (e). "Judicial notice is appropriate for records and reports of administrative bodies." *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008). To the extent that Plaintiff makes a claim for copyright infringement against Defendants for any book other than *Wildflower,* the claim should be dismissed for lack of subject matter jurisdiction under Rule 12 (b)(1).

The contractual provisions to which he points do not address whether he has registered the books with the U.S. Copyright Office. Plaintiff has the burden to establish subject matter jurisdiction. *Stock West*, 873 F.2d at 1225. Plaintiff's claims for copyright infringement should be dismissed for lack of subject matter jurisdiction regarding any book other than *Wildflower*. Moreover, this is the second time Plaintiff has been informed of this burden, and he has again failed to provide evidence of certificates of registration. Plaintiff cannot simply rely on his own allegations to demonstrate that the Court has subject matter jurisdiction.

### C. MOTION TO DISMISS 12 (b)(6) STANDARD

Fed. R. Civ. P. 12 (b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12 (b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

### D. COPYRIGHT INFRINGMENT AND FAILURE TO STATE A CLAIM

Under the Copyright Act, copyright owners have the exclusive right to do or authorize the following:

> (1) to reproduce the copyrighted work in copies or phonorecords;
> (2) to prepare derivative works based upon copyrighted work;
> (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
> (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publically;
> (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and
> (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. § 106. "Plaintiffs must satisfy two requirements to present a prima facie case of direct infringement: (1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *Perfect 10, Inc. v. Amazon.com, Inc*., 508 F.3d 1146, 1159 (9th Cir. 2007).

Plaintiff's claims for copyright infringement against both Defendants should also be dismissed for failure to state a claim on which relief can be granted. Aside from failing to establish that he is a copyright holder for any book other than *Wildflower*, Plaintiff has failed to allege sufficient facts that either Google or Amazon violated at least one of the rights granted under § 106. He does not give any details – only non-specific allegations that the Defendants sold his books. Google properly points out that, as an online service provider, it is shielded from many infringement claims under the safe harbor protections of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512 (c)-(d), but is unable to glean even the most basic of facts from Plaintiff's complaint to know which, if any, of the DMCA's provisions apply. Dkt. 13. Further, "[i]t is well settled that the Copyright Act does not apply extraterritorially." *Los Angeles News Serv. C. Reuters Television Int'l, Ltd.,* 149 F.3d 987, 990-91 (9th Cir. 1998). Defendants

properly point out that Plaintiff's Complaint asserts copyright violations outside the United States.  His claims should also be dismissed for failure to state a claim on this basis as well.

To the extent Plaintiff asserts claims for secondary copyright infringement liability, his claims should be dismissed.

To succeed in imposing vicarious liability for copyright infringement, "a plaintiff must establish that the defendant exercises the requisite control over the direct infringer and that the defendant derives a direct financial benefit from the direct infringement." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173 (9th Cir. 2007).  "The 'control' element of the vicarious liability test as the defendant's right and ability to supervise the direct infringer.  *Id.* (*internal citations omitted*).

Plaintiff fails to allege claims supporting a claim for vicarious liability because he does not allege Defendants had the right to control the alleged infringing activity or derived a direct financial benefit from the direct infringement.  *See Hendrickson v. eBay, Inc*., 165 F. Supp. 2d 1082, 1094 (C.D. Cal. 2001).

Plaintiff has failed to assert facts supporting a claim for contributory liability for copyright infringement because he failed to allege infringement by a third party, or that Defendants intentionally encouraged or induced infringement through "specific acts." *Perfect 10, Inc. v. Amazon.com, Inc*., 508 F.3d 1146, 1170 (9th Cir. 2007).

**E.  OTHER CLAIMS MENTIONED IN RESPONSE**

Plaintiff appears to attempt to assert other claims in his response, including a reference to fraud and "racketeering."  These claims are not in the Complaint.  Further, Plaintiff has asserted these claims in another case against these Defendants.  *Casterlow-Bey v. Amazon, et al*, Western District of Washington case number 17-5833-RJB; Dkt. 5.

## F. LEAVE TO AMEND

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

It is not absolutely clear that no amendment could cure the defects in Plaintiff's Complaint as to the remaining claims. Although his success seems unlikely, Plaintiff should be afforded an opportunity to amend his complaint in order to attempt to state a claim on his copyright infringement claim. He should not rely solely on allegations that the Court has subject matter jurisdiction over his copyright infringement claims (that the books are registered with the U.S. Copyright Office), but should provide evidence of that registration, if any exists. Such amendment, if any, should be filed on or before January 12, 2018. Plaintiff's failure to do so may result in dismissal of the case. Plaintiff should **not** add additional claims or parties.

## G. CONCLUSION

Defendants' motions should be granted and all Plaintiff's claims should be dismissed, unless Plaintiff files an appropriate amended complaint. Plaintiff should be given until January 12, 2018 to file an amended complaint, if he chooses to do so. Plaintiff's failure to do so will result in dismissal of the case.

## III. ORDER

It is **ORDERED** that:

- Defendant Google.Com, Inc.'s Motion to Dismiss (Dkt. 13) **WILL BE GRANTED**, unless Plaintiff files a properly amended complaint, if any, is filed by **January 12, 2018**; failure to file will result in dismissal of the case.

- Defendant Amazon.Com, Inc.'s Motion to Dismiss (Dkt. 16) **WILL BE GRANTED**, unless Plaintiff files a properly amended complaint, if any, is filed by **January 12, 2018**; failure to file will result in dismissal of the case
- The Motions to Dismiss (Dkts. 13 and 16) are **RENOTED** to **January 12, 2018**.

The Clerk is directed to send copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 29th day of December, 2017.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge